E. J. TEDDER, *Plaintiff in Error*, v, THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed April 6, 1917.

CRIMINAL LAW—LARCENY WHERE TAKING IS UNDER CLAIM OF RIGHT.

In charges of larceny where the taking is open, and there is no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, that must be repelled by clear and convincing evidence, before a conviction is authorized.

Writ of Error to Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment reversed.

*William T. Hendry*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

TAYLOR, J.— The plaintiff in error, referred to hereinafter as the defendant, was tried, convicted and sentenced for the crime of grand larceny of twelve head of hogs in the Circuit Court of Taylor County, and by writ of error brings such judgment here for review.

The indictment merely describes the property alleged. to have been stolen as being: "twelve hogs of the value of five dollars each, and of the total value of sixty dollars of the goods and chattels of J. M. Ellison and Rans Green."

This case falls within the rule laid down so often by this and other courts, that: "In charges of larceny where the taking is open, and there is no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, that must be repelled by clear and convincing evidence, before a conviction is authorized." Baker v. State, 17 Fla. 406; Charles v. State, 36 Fla. 691, 18 South. Rep. 369; Dean v. State, 41 Fla. 291, 26 South. Rep. 638; Long v. State, 44 Fla. 134, 32 South. Rep. 870.

The defendant was shown to be the owner of a large number of hogs some of which ranged with or near those of the prosecuting witnesses. The hogs in question were shown to have had the marks in one ear obliterated, but the change made did not put them in the marks of the defendant, but did show that they were thereby put in one of the marks owned by the prosecuting witnesses. There was no proof that the defendant had anything to do with changing the ear marks of the hogs in dispute, except that he saw the chief prosecuting witness, who claimed that the hogs belonged to him and his partner and told him that some of his men had been changing the marks of some of his, the defendant's hogs, and that he had seen some of them in a pen at his, defendant's house, and asked the prosecuting witness to come over and see them. The defendant sold the hogs in question to three different parties in the neighborhood where he resided, and told the chief prosecuting witness the names of the parties to whom he

had sold them, claiming them to be his own. The gathering and sales of the hogs were openly made in the day time, and there was no attempt to conceal them or to conceal their sale, but on the contrary an open avowal of the fact with the names of the parties to whom they were sold. None of this evidence had a scintilla of contradiction. There was no evidence to gainsay or question the good faith of the defendant's claim to the ownership. Under these circumstances the conviction for larceny was unauthorized and the judgment of the court below is hereby reversed at the cost of Taylor County.

BROWNE, C.J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.