RAYMOND COOPER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 9, 1921.

LARCENY—*ANIMO FURANDI* MUST BE SHOWN.

1. In larceny it is essential to a conviction that the property was taken "*animo furandi*," and where it clearly appears that the taking was perfectly consistent with honest conduct, although the party charged with the crime may have been mistaken, he can not be convicted of larceny.

2.  In charges of larceny where the taking is open, and there
    is no subsequent attempt to conceal the property, and no
    denial, but an avowal of the taking, a strong presumption
    arises that there was no felonious intent, which must be re-
    pelled by clear and convincing evidence, before a conviction
    is authorized.

A Writ of Error to a Judgment of the Circuit Court
within and for the County of Santa Rosa; A. G. Campbell,
Judge.

Reversed.

*J. T. Wiggins* and *W. W. Clark,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,*
Assistant Attorney General, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred
to as the defendant, on an indictment charging him with
the larceny of one female hog of the value of more than
$20.00 was tried in the Circuit Court of Santa Rosa
County, and convicted of, and sentenced for, the misde-
meanor of stealing a hog of the value of less than $20.00.

Many errors are assigned, but from the conclusion we
have reached it becomes unnecessary to consider but one
of them, that is the denial of the defendant's motion for
new trial made upon the ground that the verdict was not
supported by the evidence.  This, with other courts, have
announced as settled law, that in larceny, it is essential
to a conviction that the property was taken "*animo
furandi,*" and where it clearly appears that the taking
was perfectly consistent with honest conduct, although the
party charged with the crime may have been mistaken, he
can not be convicted of larceny.  Bird v. State, 48 Fla. 3,

37 South. Rep. 525; Long v. State, 44 Fla. 134, 32 South. Rep. 870, and in Dean v. State, 41 Fla. 291, 26 South. Rep. 638, it is held by this court that: ''In charges of larceny where the taking is open, and there is no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence, before a conviction is authorized.''

Without discussing the evidence in detail, we are of the opinion that it wholly fails to make out a case of larceny under the rules of law above announced. On behalf of the State it shows that the taking of the hog alleged to have been stolen was openly done in broad daylight in the presence of several persons, one of whom was the prosecuting witness himself, who claimed the hog as being his property. That there was no denial of the taking, but an open avowal of the taking by the defendant, and a wordy dispute at the time of the taking as to the ownership of the hog between the prosecuting witness and the defendant, the one persistently claiming it to be his property, the other as persistently asserting it to be owned by him. The defendant then telling the prosecuting claimant that if he would prove to him that the hog really belonged to him, the prosecutor, he the defendant would turn the hog loose, but to this proffer the prosecutor insisted that he, the defendant, should go ahead and take the hog to his, the defendant's home with him.

There has been no concealment of the property, but since the alleged initial taking the hog in dispute has been alternately in the pen of the defendant at his home, and at different times in the pen of the prosecuting claimant, and at other times running at large on the range in the vicinity

of the defendant's house, and the defendant brought her to the court house in a crate to his trial to be used as an exhibit. From a threat made to the defendant by the prosecuting claimant to the effect, ''that before the defend. ant, got through with the case he, the prosecutor, would cause him to think that it was a gold hog.'' We think that the prosecuting witness, through harsh feelings toward the defendant, has mistakenly converted what would have formed the subject matter of a civil action at law of replevin into a criminal prosecution by indictment.

The judgment of the court below is, therefore, hereby reversed at the cost of Santa Rosa County.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.