## H. E. SASSNETT v. STATE OF FLORIDA

23 So. (2nd) 618
October 23, 1945

June Term, 1945
Division B

*J. Harry Schad,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

THOMAS, J.:

The appellant was charged with feloniously stealing, taking, and carrying away a bull belonging to one Bryon T. Niblack; was convicted and sentenced to serve two years in the state penitentiary.

The facts upon which he was found guilty, as they were related by the alleged owner Niblack and one T. R. Barber, chief of police of High Springs and constable, present a most unusual situation. Niblack claimed to own a bull which had disappeared, and he reported the loss to Barber. Later upon the complaint of a citizen of the town a number of cattle were placed in the city pound, presumably in Barber's custody, and among them was a certain unmarked animal which evidently fitted the description which Niblack had given Barber. The owners of the cattle were unknown to Barber, but a Mr. Stringer redeemed some of them and at the time informed Barber that appellant claimed the bull. At this point Barber took a remarkable course. He called at appellant's house and told him there was a bull in the pound that Stringer thought was the one appellant claimed. As a result appellant went to the pound, paid Barber his fee, and took the animal away. Thus, in effect, Barber solicited appellant to retrieve the animal. He then telephoned Niblack about delivering it to appellant, and Niblack, without taking pains to view the animal, interview appellant, or demand possession if the property was found to be his, procured a warrant for appellant's arrest on the charge of larceny. Barber and Niblack, one of them bearing the warrant, proceeded to appellant's home, where they asked to see the animal, to which appellant readily agreed. Niblack identified the bull as his, and Barber immediately arrested appellant. Barber admitted he had never seen the animal in appellant's possession until he himself placed it there.

It is true that there is a conflict in the evidence about the ownership of the bull, and there is testimony that it ranged with Niblack's herd and was in fact his. This, however, was not a suit to determine ownership as between Niblack and appellant, but a prosecution of the latter by the state, an attempt to prove beyond a reasonable doubt that appellant was guilty of larceny, or to be more specific, that he was guilty of feloniously stealing, taking, and carrying away this property of Niblack's.

At first it would seem that the defense of entrapment was available to appellant because of the extraordinary activities of the constable and pound-keeper in advising appellant that a certain animal which the latter was said by Stringer to own was in his custody; in delivering possession to appellant in exchange for the fee; in notifying Niblack; in going with Niblack, after issuance of the warrant, to appellant's place to examine the animal; in then and there, evidently because Niblack concluded the property was his, placing appellant under arrest by authority of a warrant issued at Niblack's instance before he had seen the animal after its release. Upon second thought, however, it occurs to us that this defense was not available for the reason that "entrapment" presupposes the commission of a crime, and we think appellant was not proved guilty of larceny.

An essential element of this crime, which must be established by testimony beyond a reasonable doubt, is that the taking was *animo furandi*, or with the intent to steal, and "where it clearly appears that the taking was perfectly consistent with honest conduct, although the party charged with the crime may have been mistaken, he cannot be convicted of larceny." Cooper v. State, 82 Fla. 365, 90 So. 375.

There was testimony that the animal belonged to Niblack and also that it belonged to appellant. We may assume that proof of Niblack's right to the property was stronger than proof of appellant's, but even so, if the state failed to establish the theft—the taking—*animo furandi* then this conflicting testimony resolved into nothing more than a mere dispute of ownership.

We are impelled to the conclusion that the state failed to prove the defendant guilty of larceny; so the judgment is—

Reversed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.