The appellant Ralph Jones was convicted by an Okaloosa County jury of the crime of larceny of one spotted Poland-China gilt, weight about twenty-five pounds, unmarked, on or about August 16, 1947, and the property of Jim Strickland. The trial court adjudged him guilty and imposed a sentence of two years at hard labor in the State Prison. The appellant appealed and here contends that the evidence adduced and relied upon by the State of Florida was and is legally insufficient to support the verdict of the jury.
The State's evidence disclosed that Jim Strickland, a farmer, on August 16, 1947, lived in the Laurel Hill Community of Okaloosa County. He owned a sow and she had a litter of ten pigs, all of which fed upon the range about the owner's farm. The pig in question disappeared on the 16th day of August, 1947. On September 26, 1947, Jim Strickland and his brother, P.Q. Strickland, went to the farm home of the appellant and identified a pig then feeding with several other hogs in the field of Ralph Jones as his property and the one which several days previously had disappeared from the range. Jim Strickland's farm was situated a short distance from the appellant's farm. Jim Strickland demanded of the appellant possession of the hog or the sum of $5.00, which proposals were refused by the appellant. A warrant was obtained charging the appellant with the larceny of the pig, which the arresting officer took from Jones' field and delivered to Jim Strickland. The pig, with other hogs, was in a truck and about the court house during the trial of the cause below.
Mrs. Jim Strickland testified that the litter of ten pigs were born in May, 1947, and she saw them about the place from time to time until the pig in question disappeared in August, 1947. She was positive that the pig was the property of her husband, Jim Strickland. Jim Strickland, Jr., identified the pig in question as the property of his father, Jim Strickland. P.Q. Strickland testified that he traveled the road by the appellant's field on September 22, 1947, on his way to market and saw the pig in question with five or six others near appellant's home and on the 26th day of September, 1947, went with his brother to talk the matter over with Ralph Jones. The witness identified the pig as the property of his brother, Jim Strickland.
The Constable and Sheriff expressed opinions to the effect that the pig claimed by Jim Strickland and taken from the appellant's field was one of the litter of ten pigs owned by Jim Strickland. Jim Strickland and P.Q. Strickland testified as to conflicting statements made by Ralph Jones as to the person or persons from whom he bought the pig. They testified that Jones first stated he got the pig from his daddy — and later stated he got it at Opp, Alabama, and had a bill of sale for the pig. The ownership of the pig in question rested on the testimony of Jim Strickland and wife, their son, Jim Strickland, Jr., and P.Q. Strickland, a brother of Jim Strickland. *Page 538 
The appellant testified that he bought the pig on September 3, 1947, at the Farmers Co-Operative Market at Opp, Alabama, with fifteen other hogs. Issued to him at the time and adduced into evidence was a purchaser's invoice dated September 3, 1947, which recited the purchase of sixteen head of hogs at Opp, Alabama. Fred Jones, a brother of the appellant, furnished a part of the money paid to the Farmers Co-Operative Market for the sixteen hogs. The hogs were divided by the two brothers on the basis of the amount of money contributed by each therefor. Ralph Jones, as a result, got the pig in question, with others, and immediately placed it, with others, in his pasture near the road traveled by the public. Some few days thereafter it was placed in his peanut field. These hogs were there when observed by P.Q. Strickland on September 22, and on the 26th when the two Stricklands saw the pig in Ralph Jones' field and Jim Strickland claimed it and demanded possession or the sum of $5.00. There are no disputes or conflicts in the evidence on the question that the Jones boys purchased the sixteen hogs on September 3, 1947, at Opp, Alabama, from the Farmers Co-Operative Market.
H.M. Motte testified that he was familiar with the pig in question and saw it each day for about one week sometime in August, 1947. The witness bought the pig at the market at Opp, Alabama, with forty-seven other hogs. The pig was too small to turn in the peanuts and he kept it for about one week in his lot and sold it through the market at Opp to the two Jones boys. The witness testified in part viz.:
"Q. When you got down to the constable's place, Walter Sanders, at Laurel Hill, how long did it take you to identify this pig as being the same pig you sold back through the sale, — I mean did you have to waste a lot of time doing it? A. No.
"Q. You could do it right away? A. I think I recognized the hog by the time I saw it.
"Mr. Holsberry: Q. You say you recognized it? A. Yes, I recognized it.
"Q. Did you recognize that hog as being the same hog you sold back to the market at Opp? A. Yes.
"Q. You are no relation to Jim Strickland? A. No sir.
"Q. No relation to Ralph Jones? A. No, both strangers to me, as far as that's concerned.
"Q. Do you know how he found you when he went to get you to identify the hog? A. Mr. Scofield had got checks for the hogs, or we give him checks, and I think, I won't say, but Mr. Scofield —
"Mr. Holsberry: We object to that.
"A. I say he did mention this to me.
"Mr. Holsberry: That's hearsay.
"Q. You have no interest whatever in the outcome of this case? A. I certainly don't.
"Q. You're not a friend of Ralph Jones or of Jim Strickland? A. I'm as good friend to either one, I guess you'd say I'm interested in it, but no more for one than for the other."
The State's witnesses testified that the pig was the property of Jim Strickland while the defendant's witnesses testified that it was the property of Ralph Jones. The disputes and conflicts in the evidence go to the question of ownership of the pig. It is well settled that a criminal prosecution for larceny cannot settle the ownership of the pig. It is not necessary to decide which party has the stronger claim of ownership to the pig, as that question may be settled in a separate action. It is established law that the burden of proof rests on the State of Florida to establish every essential element of the crime of larceny against the accused beyond a reasonable doubt before a conviction can be sustained. Davis v. State, 92 Fla. 209,109 So. 301; Sassnett v. State, 156 Fla. 490, 23 So.2d 618; Cordell v. State, 157 Fla. 295, 25 So.2d 885.
The judgment is reversed and a new trial awarded.
TERRELL, THOMAS and ROBERTS, JJ., concur.
ADAMS, C.J., and SEBRING and HOBSON, JJ., dissent. *Page 539