JOHNSON, Judge.
A complaint seeking a declaratory decree of appellees’ rights under Section 370.08 (3), Florida Statutes, F.S.A., was filed by the appellees in the Circuit Court of Leon County, Florida. The appellees sought a declaration that the above mentioned statute prohibited the taking of food fish with a purse seine, purse gill net or other net using rings or other devices on the lead line thereof, from the territorial waters of the State of Florida and had no extraterritorial effect. In the alternative the ap-pellees sought a declaration that said statute was unconstitutional insofar as it affected their rights.
The provisions of Section 370.08(3), Florida Statutes, F.S.A. are:
“(3) Use of purse seines, gill nets, and pound nets, etc.; penalty. No person may take food fish with a purse seine, purse gill vnet, or other net using rings or other devices on the lead line thereof, through which a purse line is drawn, or pound net, or have any food fish so taken in his possession for sale or shipment. The provisions of this section shall not apply to shrimp nets or to pound nets or purse seines when used for the taking of menhaden fish only. Any person violating this section shall, upon conviction, be punished by a fine of not less than two hundred dollars 'or more than five hundred dollars or by im *630 prisonment of not less than six months or more than one year.”
In his decree the able chancellor declared that the proscriptions in the statute applied only to the taking of food fish by Florida citizens within the territorial waters of this state. This was so because the statute did not clearly indicate an intent to regulate the conduct of Florida citizens beyond the territorial limits of this state. He further declared that the statute prohibiting the taking of food fish by certain equipment was a valid exercise of the police power of the state and insofar as it applied to a taking within the territorial waters of the state did not deny to plaintiffs the equal protection of the law nor deprive them of property without due process of law. The decree also declares that it is not unlawful under F.S. § 370.08(3), F.S.A. to possess in Florida fish which have been caught, by any means whatsoever, from the waters outside the territorial limits of Florida.
Both parties agree that the State of Florida has the power to enact legislation regulating and controlling the operation of vessels and acts of citizens of this State on water outside the territorial limits of the State of Florida as well as on water within its territorial limits. Skiriotes v. State of Florida, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1941); United States v. States of Louisiana, etc., 363 U.S. 1, 80 S.Ct. 961, 4 L.Ed.2d 1025 (1960). The only dispute is whether the State of Florida by the statute in question purports to exercise authority over its citizens in waters outside the territorial limits of Florida.
In construction of statutes a general rule to be used is set forth in 50 Am.Jur., Statutes, § 487:
“Unless the intention to have a statute operate beyond the limits of the state or country is clearly expressed or indicated by its language, purpose, subject matter, or history, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state or country enacting it. To the contrary, the presumption is that the statute is intended to have no extraterritorial effect, but to apply only within the territorial jurisdiction of the state or country enacting it, and it is generally so construed. An extraterritorial effect is not to be given statutes by implication. Accordingly, a statute is prima facie operative only as to persons or things within the territorial jurisdiction of the lawmaking power which enacted it. These rules apply to statutes using general words, such as 'any’ or ‘all,’ in describing the persons or acts to which the statute applies. They are particularly applicable where the statute would be declared invalid if given an interpretation resulting in its extraterritorial operation.”
Applying this rule to § 370.08(3) we note that nowhere in the language of the statute is there any express intention that its provisions are to be given extraterritorial effect. Notwithstanding this, it is appellants’ position that such intention is to be found in the history, objective and purpose of the statute. The purpose of the law is said to be found in the preamble of Chapter 28145, Laws of Florida, 1953, wherein it is stated that a single enforceable law regulating the natural resources in the salt waters of Florida is in the best interest of the people of this state.
The Board of Conservation has the duty to conserve and develop the natural resources of the state, F.S. § 370.02(1), F.S.A. Section 370.02(5) gives to the division of salt water fisheries the power and duty to “preserve, protect, and manage the marine, crustacean, shell and anadromous fishery resources of the state in the waters thereof.” (Emphasis supplied.) This division in the same section is also given the power and duty “to regulate the operations of all fishermen and vessels of this state engaged in the taking of such fishery resources within or without the boundaries of such state waters.” (Emphasis added.) The use of the words *631 “within or without the boundaries of such state waters” merely recognizes what has been said previously, that the state has the power to regulate activities of its citizens and vessels on waters outside its territorial limits. However, this power does not come into play automatically in each statute dealing with conservation of natural resources. There is no presumption that the legislature intended that a statute exercise or apply all the power which a state may possess over a given subject. Extraterritorial effect of an enactment is not to be found by implication.
Although not mentioned by either party in their brief on appeal we find in Section 370.01 the following:
“370.01 DEFINITIONS. In construing these statutes, where the context does not clearly indicate otherwise, the word, phrase or term:
‡ % ifc ‡ ij{ ‡
“(5) Salt water except where otherwise provided by law, shall he all of the territorial waters of Florida excluding all lakes, rivers, canals, and other waterways of Florida from such point or points where the fresh and salt waters commingle to such an extent as to become unpalatable because of the saline content, or from such point or points as may be fixed for conservation purposes by the state board of conservation and the game and fresh water fish commission with the consent and advice of the board of county commissioners of the county or counties to be affected.” (Emphasis added.)
We recognize that the term salt water does not appear in the language of § 370.-08(3). However, this Section comes within the province of the Division of Salt Water Fisheries for enforcement. F.S. § 370.02 (5) (b), F.S.A. Thus, in construing § 370.08(3) we find that the scope of its application is limited to the extent of the Legislature’s definition of salt water in § 370.01(5). Since § 370.08(3) does not otherwise specify, the fishing prohibited there is the fishing done in the salt water of “all of the territorial waters of Florida.” The Legislature having failed to broaden the area of water in which the provisions of § 370.08(3) are applicable, this court has no power or authority to broaden same by statutory construction.
We agree in all respects with the decision of the chancellor and hereby affirm the decree appealed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.