SWANN, Judge.
This appeal is from a conviction of grand larceny by fraud and a one year sentence.
On January 13, 1967, one Rosemary Wais gave the defendant a $135.00 check as payment for some painting he had done for her. The defendant, Wright, took the check to a store where he had a charge account .and applied $18.00 of the check to reduce the balance due on the account and received $117.00 in cash. The next day Rosemary inspected the work, didn’t like it and stopped payment on the check. The store then notified the defendant that payment had been stopped and that it was thus increasing the unpaid balance on his account by $135.00 — the amount of the check.
The defendant, Wright, then went to see Rosemary and after some negotiation she agreed to pay $100.00 for the job and gave the defendant another check for that amount. The defendant did not tell her he had already negotiated the $135.00 check “Because I had received no money from her. The money that I received [from the first check] was from [the store], and went on my account. So, I had gained no money from anyone.”
Mrs. Wais had paid nothing on the $135.00 check. The store had increased the defendant’s account balance $135.00 to cover the first check. The defendant had a valid check for only $100.00.
In spite of the fact the defendant had been paid only $100.00 for his labor and had his debts increased by $135.00, he was convicted of “defrauding” Mrs. Wais. We reverse. See Sassnett v. State, 1945, 156 Fla. 490, 23 So.2d 618; Cooper v. State, 82 Fla. 365, 90 So. 375 (1921); Rosengarten v. State, Fla.App.1964, 166 So.2d 183. We find an utter lack of any proof of felonious intent on defendant’s part at the time he accepted the second check.
The conviction and sentence of the defendant, Harry Wright, be and the same is, therefore, reversed and he is discharged.