369 So.2d 932 (1979)
John Monte BELL et al., Appellants,
v.
STATE of Florida, Appellee.
Connie Ruth DiMILO et al., Appellants,
v.
STATE of Florida, Appellee.
Deborah Lynn CROWSON, Appellant,
v.
STATE of Florida, Appellee.
Lucille R. HAWLEY, Appellant,
v.
STATE of Florida, Appellee.
Larry W. McCLELLAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 50424, 50425, 50557, 50426, 50427, 50558, 50281 and 50282.
Supreme Court of Florida.
February 22, 1979.
Rehearing Denied May 9, 1979.
*933 Robert W. Pope of the Law Offices of Robert W. Pope, St. Petersburg, for appellants.
Jim Smith, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOYD, Justice.
In these consolidated appeals, we are presented with challenges to the appellants' convictions in a number of prosecutions under section 796.07(2)(a), (2)(b), (3)(a), and (3)(c), Florida Statutes (1975). The judgments of conviction were rendered, following changes of plea to no contest, by the County Court of Pinellas County. The appellants challenged the various subsections as applied to their cases, and the trial court upheld the statute. We have jurisdiction under article V, section 3(b)(1), Florida Constitution.
Some of the appellants were charged with violations of both subsections (2)(a) and (2)(b). Subsection (2)(a) makes it unlawful to keep, set up, maintain, or operate any place, structure, building, or conveyance for the purpose of lewdness, assignation, or prostitution. Subsection (2)(b) makes it unlawful to offer, or to offer or agree to secure, another for the purpose of prostitution or any other lewd or indecent act.
*934 Other appellants were charged with violations of both subsections (3)(a) and (3)(c). Subsection (3)(a) makes it unlawful to offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation. Subsection (3)(c) makes it unlawful to reside in, enter, or remain in, any place, structure, or building, or to enter or remain in any conveyance, for the purpose of prostitution, lewdness, or assignation.
The appellants contend that the policemen upon whose evidence the informations were based were guilty participants with the appellants in the illegal acts of lewdness at issue in a number of the prosecutions. Therefore, it is argued, the failure to prosecute the policemen as well as the appellants constitutes selective and discriminatory enforcement in violation of equal protection as guaranteed by the United States and Florida constitutions. Even if it were established, however, that the policemen engaged in illegal acts, this would not necessarily avail the appellants. In order to constitute a denial of equal protection, the selective enforcement must be deliberately based on an unjustifiable or arbitrary classification. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962). The mere failure to prosecute all offenders is no ground for a claim of denial of equal protection. Moss v. Hornig, 314 F.2d 89, 92 (2d Cir.1963).
The appellants contend that they were entrapped by the police. In those prosecutions brought under subsections (3)(a) and (3)(c) the defense of entrapment was raised by pre-trial motions. Entrapment ordinarily is a jury question. E.g., Carter v. State, 155 So.2d 787, 789 (Fla. 1963). By changing their pleas to no contest, the appellants relieved the state of its burden of proving factual matters. Hand v. State, 334 So.2d 601 (Fla. 1976); Chesebrough v. State, 255 So.2d 675 (Fla. 1971). They also gave up any chance they might have had to present the entrapment defense to the jury. Thus it would seem that the appellants may show error in the court below only by establishing that there was entrapment as a matter of law. The contention that there was entrapment as a matter of law is consistent with a plea of no contest because the defense of entrapment presupposes the existence of all the elements of the crime. Sassnett v. State, 156 Fla. 490, 23 So.2d 618 (1945). The basis of the entrapment defense is that the conduct of the entrapped innocent defendant lies outside the intent of the criminal proscription. Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848, 851 (1958). Not only have the appellants failed to establish entrapment as a matter of law, but also it seems to us doubtful, on the record presented, that enough was alleged so as to call for a jury instruction on entrapment had the case gone to trial. See Lashley v. State, 67 So.2d 648, 649-50 (Fla. 1953). For the key issue in entrapment is whether the defendant was merely presented with an opportunity to commit a crime to which he was predisposed, or whether the criminal design originated with agents of the government, who then induced its commission by the accused. Id. at 649.
The appellants attacked the informations for vagueness and duplicity. Each information, however, specified the subsection alleged to have been violated, alleged facts showing or acts constituting the violation, and alleged that the act or acts involved constituted or were committed for purposes of prostitution, assignation, or lewdness. It is permissible for an information to plead in the alternative where the statute denounces acts in the disjunctive. Fla.R.Crim.P. 3.140(k)(5).
The appellants who were charged with multiple offenses arising out of single criminal episodes contend that they were subjected to double punishment in violation of the constitutional guarantee against double jeopardy. But the double jeopardy guarantee protects against multiple punishment for a single criminal offense. The statute at issue here defines several different offenses and these appellants were properly charged with and convicted of separate offenses. See State v. Shaw, 219 So.2d 49 (Fla. 2d DCA 1969).
*935 The judgments of conviction are affirmed.
It is so ordered.
ADKINS, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, C.J., dissents.