396 So.2d 798 (1981)
Manuel RODRIGUEZ and Pastora Rodriguez, Appellants,
v.
The STATE of Florida, Appellee.
No. 79-666.
District Court of Appeal of Florida, Third District.
March 31, 1981.
Rehearing Denied May 1, 1981.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
The defendants were each convicted of one count of second-degree grand theft and two counts of petty theft in the Monroe County circuit court. We reverse for a new trial because of the court's denial of a requested jury instruction which embodied the legal basis of their defense.
The Rodriguezes are husband and wife who were employed as managers of a motel in Marathon. This case arises from their failure to remit to the owner the entire proceeds of three room rentals received in March, 1978. From the time their retention *799 of these receipts was discovered,[1] and consistently thereafter, the defendants have freely admitted that they kept the funds in dispute. They claimed, however, that they believed that the money was rightfully theirs under a compensation agreement with their employer, to the terms of which Mr. Rodriguez testified at trial.[2] Accordingly, the defense submitted a requested charge which stated:
Where it clearly appears that the taking of property was consistent with honest conduct, as where the taker honestly believes that he or she has a right to property, the taker cannot be convicted of theft, even though the taker may have been mistaken.
The trial judge's refusal to give this instruction was reversible error.
It is of course incumbent upon the court to charge the jury on every defense which is recognized by the law and sustained by a version of the testimony which the jury has a right to accept. Palmes v. State, 397 So.2d 648 (Fla. 1981), and cases cited at 652. Both elements are satisfied here. Rodriguez's testimony, if accepted, establishes the defendants' honest belief in their right to the rentals. And there is no doubt that such a belief negates the specific intent which is an indispensable element of the crimes of larceny and, now, theft. State v. Allen, 362 So.2d 10 (Fla. 1978). The principle was first enunciated in Florida in Baker v. State, 17 Fla. 406, 409-410 (1879), where the court said:
As to that part of the charge that in an accusation of larceny, the belief of the accused that he has a right to property which really belongs to another, `is no excuse for taking it unless the testimony shows some reason therefor,' the jury may have been led into error.
In Bishop's Cr. Law, Vol. 2, Sec. 851, the rule as collated from the best authorities is thus given: `In all cases where one in good faith takes another's property under claim of title in himself, he is exempt from the charge of larceny, however puerile or mistaken the claim may in fact be. And the same is true where the taking is on behalf of another believed to be the true owner. Still, if the claim is dishonest, a mere pretence, it will not protect the taker.'
The gist of the offence is the intent to deprive another of his property in a chattel, either for gain or out of wantonness or malice to deprive another of his right in the thing taken. This cannot be where the taker honestly believes the property is his own or that of another, and that he has a right to take possession of it for himself or for another for the protection of the latter. [e.s.]
The rule has been followed on numerous occasions ever since, most significantly in Charles v. State, 36 Fla. 691, 18 So. 369 (1895), in which a larceny conviction was reversed because the court's charge erroneously required that the good faith belief be one which would be entertained by a reasonable and prudent man. Accord, Kilbee v. State, 53 So.2d 533, 536 (Fla. 1951); Maddox v. State, 38 So.2d 58 (Fla. 1948); Sassnett v. State, 156 Fla. 490, 23 So.2d 618 (1945); Cooper v. State, 82 Fla. 365, 90 So. 375 (1921); Tedder v. State, 73 Fla. 861, 75 So. 783 (1917); Uber v. State, 382 So.2d 1321, 1322 (Fla. 1st DCA 1980); Board of Regents v. Videon, 313 So.2d 433, 435 (Fla. 1st DCA 1975).[3]
*800 The state contends that the defendants may not raise the issue because counsel did not formally object to the court's refusal to give the requested instruction. Fla.R. Crim.P. 3.390(d). We do not agree. In Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960), it was held that the failure to give a complete and accurate instruction on the defense of justifiable homicide was fundamental error, reviewable in the complete absence of a request or objection. See also, Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945). We need not go nearly so far to hold that the supertechnical requirements of Rule 3.390(d)[4] do not bar our consideration of so vital an issue[5] as the denial of a charge, specifically requested in writing, which went to the very heart, indeed to the existence of the defense.[6]
For this reason, the judgments under review are reversed and the cause remanded for a new trial.[7]
Reversed and remanded.
NOTES
[1] The defendants did not, however, inform the owner that they were doing so at the time they retained the proceeds.
[2] The owner gave a different version of their arrangement, under which he was entitled to the rental payments.
[3] Although secreting of the proceeds may be a factor in the jury's consideration of whether the defendant's belief is an honest or spurious one, Helton v. State, 135 Fla. 458, 185 So. 864 (1938); Long v. State, 11 Fla. 295 (1866), this principle does not require that, unlike this situation, see note 1 supra, the actual taking the openly accomplished. In Charles v. State, supra, for example, the defendant broke into someone else's stable at night to retrieve what he considered to be his mule; nonetheless, the supreme court held the "honest belief" doctrine fully applicable. See also, Uber v. State, supra. When, however, there is an open taking, as in, e.g., Cooper, Maddox and Sassnett, supra, where farm animals were seized in broad daylight, a "strong presumption" arises of a lack of felonious intent. Maddox v. State, supra, at 38 So.2d 58.
[4] See, Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981) (Wentworth, J., dissenting).
[5] Compare the application of 3.390(d) in Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980) and Bailey v. State, 393 So.2d 24 (Fla. 3d DCA 1981), to a request for an instruction on penalties, which is mandated only by subsection (a) of the same rule, and which would otherwise not be an appropriate, let alone required, subject of a jury charge.
[6] We reject the appellee's claim that the issue was adequately covered by the other instructions.
[7] Although, with characteristic forthrightness and candor, appellants' counsel has, we think correctly, admitted that the motion for acquittal was properly denied below, see note 2, supra, we observe, like the court in Charles supra, 36 Fla. 691, at 18 So. 373, that the evidence was "barely sufficient  if sufficient at all  to justify the verdict," and, like the court in Cooper, supra, 82 Fla. 365, at 90 So. 376, that a controversy such as this seems more appropriately the subject of a civil action than a criminal prosecution.