KLEIN, Judge.
Appellant was convicted of grand theft as a result of a transaction with an elderly woman. The charges were based on the opening of a joint bank account under circumstances in which the woman may not have realized what was happening, and the removal of funds from that account by the appellant. We reverse because the trial court failed to give a proper jury instruction on a good faith defense.
Appellant’s theory of defense was based on her close relationship with the woman, who had previously made appellant the co-owner of two substantial bank accounts with rights of survivorship. The woman had, according to some witnesses, considered appellant the daughter she never had, and had made statements to the effect that she was going to leave appellant and appellant’s son everything she had.
Appellant requested the following jury instruction:
If the Defendant had a good faith belief that Frances Duhm consented to her having the money, she cannot be guilty of grand theft.
The trial court refused to give that instruction, but instead gave the following one:
If Jacqueline Philippoussi had a good faith belief that Frances Duhm consented to the defendant’s having the money, you may consider that as you would any other item of circumstantial evidence in determining whether the defendant is guilty of grand theft.
Appellant argues that the instruction given was insufficient because it did not inform the jury that good faith was a complete defense.
In Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981), the managers of a motel had failed to remit to the owner some funds received from room rental and were convicted of grand theft. They had admitted they had retained the funds, but claimed they were entitled to do so under their financial arrangement with the owner. The trial court refused to give a good faith instruction similar to that requested in the present case, and the third district reversed for a new trial, citing numerous cases to the effect that good faith can be a complete defense to a crime of theft.
Recently, in United States v. Cavin, 39 F.3d 1299 (5th Cir.1994), the fifth circuit reversed a fraud conviction because the instruction which was given did not inform the jury that if the defendant was acting in good faith a conviction was precluded, explaining:
The district court charged the jury that it “may” acquit the defendants if it found that they acted in good faith. A good faith defense is the “affirmative converse of the government’s burden of proving ... intent to commit a crime.” Acquittal is not optional upon a finding of good faith, as the court erroneously charged; it is mandatory because a finding of good faith precludes a finding of fraudulent intent. The implication of the charge as given was that the jury could convict without finding fraudulent intent.
39 F.3d at 1310. (footnote omitted).
We find that the instruction which the court gave in the present case suffers from a similar deficiency and reverse for a new trial. We have considered appellant’s other points and find them to be without merit.
FARMER and SHAHOOD, JJ., concur.