690 So.2d 1320 (1997)
STATE of Florida, Appellant,
v.
Andrew B. EFTHIMIADIS, Appellee.
No. 95-3463.
District Court of Appeal of Florida, Fourth District.
February 26, 1997.
Opinion Denying Rehearing and Granting Clarification April 16, 1997.
*1321 Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellant.
David A. Barrett and A. Dean Johnson of Barrett, Hoffman and Hall, P.A., Tallahassee, for appellee.
STEVENSON, Judge.
This is an appeal from an order of the trial court which granted a motion to dismiss and held a criminal statute unconstitutional. Because the statute was not unconstitutional as applied, the trial court erred in reaching the constitutional issue. We reverse.
Andrew Efthimiadis, the defendant below, captained the Vegas Express, a cruise ship flying a United States flag. A Florida corporation owned the vessel and in running it, employed approximately 150 people, including appellee, who were Florida residents. The Vegas Express was berthed on the Atlantic Intracoastal Waterway located in Dania, Florida. The vessel regularly left its berth in Dania and took on passengers at Port Everglades before sailing past the three-mile territorial limit of the State of Florida, returning either the same or the next day. The Vegas Express travelled daily or almost daily onto the high seas to conduct the gambling that was the highlight of its cruises to nowhere. It rarely remained in port for any period in excess of twenty-four to forty-eight consecutive hours before once again venturing past the territorial boundaries of the state.
The Vegas Express was returning to its berth when a State of Florida Marine Patrol officer noticed that it did not have a State of Florida decal. Finding that the Vegas Express, a vessel flying a U.S. flag, was federally documented and numbered by the U.S. Coast Guard, but not registered with the State of Florida or any other state, the officer issued a citation for a violation of section 327.10, Florida Statutes (1993), charging appellee with operating an unregistered vessel on the waters of this state.[1]
Appellee ultimately filed a motion to dismiss on the ground that section 327.02(37), Florida Statutes (Supp.1994),[2] was unconstitutional on its face and as applied, and consequently, that section 327.10, Florida Statutes, was unconstitutional as applied. The trial court agreed and granted the motion. We reverse.
The territorial jurisdiction of the state of Florida has been held to extend three miles from the Atlantic coastline of Florida into the Atlantic, and nine miles from the Gulf coastline of Florida into the Gulf of Mexico. United States v. States of Louisiana, Texas, Mississippi, Alabama & Florida, 363 U.S. 1, 129, 80 S.Ct. 961, 1030, 4 L.Ed.2d 1025 (1960), opinion supplemented by 382 U.S. 288, 86 S.Ct. 419, 15 L.Ed.2d 331 (1965). The trial court understandably focused on the definition of the term "waters of this state" contained in section 327.02(37). That section expanded the definition of the "waters of this state" to include not only the territorial limits of the state but also the marginal sea and the high seas "when navigated *1322 as a part of a journey or ride from the shore of this state." § 327.02(37), Fla. Stat. (Supp.1994).
However, the court's concern with the possible constitutional infirmity in the statute's definition of "waters of this state" was misplaced as to appellee herein. The citation given to the Vegas Express was issued on the Intracoastal Waterway near Dania, within the territorial limits of the state, and was issued to punish behavior which was occurring within the limits of the state. There is no question that the State of Florida can regulate vessels within its territorial waters. Skiriotes v. Florida, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1941); Burns v. Rozen, 201 So.2d 629 (Fla. 1st DCA 1967).
"It is a fundamental maxim of judicial restraint that `courts should not decide constitutional issues unnecessarily.'" In re Forfeiture of One Cessna 337H Aircraft, 475 So.2d 1269, 1270-71 (Fla. 4th DCA)(quoting Jean v. Nelson, 472 U.S. 846, 854, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664 (1985)), cause dismissed sub nom. City of Pompano Beach v. Enroute Ltd., 480 So.2d 1293 (Fla.1985). The undisputed facts of this case never required Florida to invoke its supposed jurisdiction over the "high seas"; therefore, the trial court unnecessarily decided the constitutionality of the statute which purported to confer such jurisdiction. Consequently, it was also error for the trial court to determine that the statute was unconstitutional on its face. A legislative enactment is void on its face or facially invalid only "if it cannot be applied constitutionally to any factual situation." Voce v. State, 457 So.2d 541, 543 (Fla. 4th DCA 1984), rev. den. 464 So.2d 556 (Fla. 1985); see also United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987)("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.").
We have also considered the trial court's findings that the statute was unconstitutional because it was selectively enforced and violated the equal protection clause. Even if there were evidence that not all violators were prosecuted, "[t]he mere failure to prosecute all offenders is no ground for a claim of denial of equal protection." See Bell v. State, 369 So.2d 932, 934 (Fla.1979). Moreover, there was no evidence before the court that the statute was applied in a discriminatory, selective fashion based on an "unjustifiable" or "arbitrary classification." Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962).
Accordingly, the order granting the motion to dismiss is reversed. We remand this cause so that the trial court may consider the merits of the state's charges and appellee's defenses.
REVERSED and REMANDED.
GLICKSTEIN and PARIENTE, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
STEVENSON, Judge.
To the extent that the appellee's motion seeks rehearing, we deny it. However, we grant the motion for clarification and supplement our previous opinion with the following.
Section 327.10, Florida Statutes (1993), which formed the statutory basis for the citation issued to the appellee, provides in relevant part that
Every vessel which is required to be registered and which is using the waters of this state shall be registered and numbered within 20 days after purchase by the owner....
The twenty days referenced in the statute requires that a vessel "using the waters of the state" be registered within twenty days of purchase. The statute does not require the vessel to actually use the waters of the state for a twenty day time period, consecutive or otherwise. Based on the record developed below, there was no question that the Las Vegas Express was "using" the territorial waters of the state within the plain wording of the statutethe vessel was physically within the territorial waters of Florida at the time the citation for violation of section *1323 327.10 was issued, and it regularly berths in the intracoastal waterway in Dania, Florida.
Thus, contrary to the assertions made by appellee in the motion for rehearing/clarification, upon remand, the trial court will not need to determine whether the Las Vegas Express had been using the waters of this state for more than twenty days. Pursuant to the statute, once it is established that the vessel was using the waters of this state, the finder of fact will need to determine whether twenty days had passed between the purchase of the vessel and the issuance of the citation for failure to register the vessel. Consequently, as we discussed in the main opinion, the lower court will not be required to address the constitutionality of the expanded definition of "waters of the state" contained in section 327.02(37), Florida Statutes (Supp.1994).
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] Section 327.10, Florida Statutes (1993), states:

Every vessel which is required to be registered and which is using the waters of this state shall be registered and numbered within 20 days after purchase by the owner except as specifically exempt. No person shall operate or give permission for the operation of any such vessel on such waters unless:
(1) Such vessel is registered within 20 days after purchase by the owner and numbered with the identifying number set forth in the certificate of registration, displayed:
(a) In accordance with s. 327.11(7), except, if the vessel is an airboat, the registration number may be displayed on each side of the rudder; or
(b) In accordance with applicable federal law or with a federally approved numbering system of another state; and
(2) The certificate of registration awarded to such vessel is in full force and effect.
[2] Section 327.02, Florida Statutes (Supp.1994), states:

(37) "Waters of this state" means any navigable waters of the United States within the territorial limits of this state, and the marginal sea adjacent to this state and the high seas when navigated as a part of a journey or ride to or from the shore of this state, and all the inland lakes, rivers, and canals under the jurisdiction of this state.