866 So.2d 129 (2004)
Anthony Mehemiah OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-672.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
*130 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING AND REQUEST FOR WRITTEN OPINION
GRIFFIN, J.
Appellant, Anthony Mehemiah Owens ["Owens"], has filed a motion for a written opinion or for rehearing of this court's per curiam affirmance of the denial of his Rule 3.850 motion for post-conviction relief based on ineffective assistance of counsel. We grant the motion, withdraw our prior decision and issue the following opinion.
Owens was convicted of burglary of an occupied dwelling[1] and petit theft[2] after a jury trial on July 27, 1999. He was sentenced to concurrent terms of twelve years in prison. He contends in his motion for post-conviction relief that his trial counsel rendered ineffective assistance by failing to request a jury instruction on the defense of "claim of right."
The underlying facts appear to be as follows: On June 12, 1998, an informant identified in the record as "Allison Janson" ["Janson"] told the Titusville police that she wanted to inform on Owens. The next day, Detective Thomas House was placed in "Janson's" motel room on Riverside Drive in Titusville. The sliding glass door to the room was left open and House pretended to be asleep. House's fellow officers, who were in an adjacent room, alerted House that someone (later identified to be Owens) was approaching the room in which he was located. House then saw Owens open and close the sliding door's vertical blinds twice. When the blinds opened a third time, the man came into the room very quietly and walked along the north wall of the room. After Owens climbed onto the bed, he was apprehended by police.
The police searched Owens after his arrest and found two wallets on him, one of which was his own. According to police, Owens said he had obtained the other wallet from a friend before he went into the motel room.
*131 The incident was videotaped by the police department, but there is no sound on the video. "Janson" did not testify at trial, and police had no contact with this individual after the arrest. Police made no verification of the name, address or identification she had given, nor did they check fingerprints or whether she had any outstanding warrants. They also did not know what, if anything, "Janson" told Owens to motivate him to enter her room.
Owens testified in his own behalf.[3] He stated he had met a girl ["Janson"] who said she had been partying with a man who would not let her have her wallet. Owens stated that when he looked through the blinds of the room in which House was located, he told "Janson" that the man was asleep and she could get her wallet herself. However, she started to cry, so he went inside to get it for her. He denied telling the police that someone else had given it to him.
Defense counsel orally suggested to the court that a special instruction be given concerning Owens' belief that he was entitled, at the lawful owner's request, to recover the wallet that had been misappropriated by the man in the motel room. The judge denied the request.
Defense counsel never provided the court with a proposed special instruction in writing, never suggested the composition of the instruction, and did not provide legal authority for it. After the court explained why it thought the instruction should not be given, counsel responded "Okay" and made no further objection. During Owens' appeal, the State urged that the asserted error in failing to give a "claim of right instruction" had not been preserved for appeal by trial counsel. This court per curiam affirmed.
Owens urges in his post-conviction claims that the trial court was obliged to instruct the jury as to any defense which was supported by a reasonable view of the evidence. Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983); Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981). See also Thomas v. State, 526 So.2d 183 (Fla. 3d DCA 1988). He maintains that a well-founded belief in one's right to possess property constitutes a complete defense to a charge of theft. See Chester v. State, 782 So.2d 967 (Fla. 3d DCA 2001); Brennan v. State, 651 So.2d 244 (Fla. 3d DCA 1995); Rodriguez.
The importance of this issue at trial is suggested by the fact that the jury asked to review Owens' testimony concerning his actions and requested an instruction on the law. Although the question is not in the record, the court responded:
I will give you that instruction on intent to commit an offense. If [Appellant] felt that it was, is it legal to go into the room if you think that it belonged to someone else, effectively what you are having me do is to invade your factual province. I would be invading your province and I can't do that. I can tell you what the law is to make the factual. If you want further instruction on the offense of burglary, I can do that. But, I can give you only the skeletal wall. I can't cross over the line and get into the facts with you.[4]
The State contends on appeal that Florida does not recognize as a defense to theft that the defendant had a good-faith belief that the true owner of the property had authorized him to take possession; rather, *132 that a claim of right defense is only available if the defendant has a good faith belief that the property is his. The law is not so narrow, however, in Florida or in other jurisdictions. In Rodriguez, the court quoted from Baker v. State, 17 Fla. 406, 409-10 (1879), which in turn quoted 2 BISHOP'S CRIMINAL LAW § 851 for the proposition that:
In Bishop's Cr. Law, Vol. 2, Sec. 851, the rule as collated from the best authorities is thus given: `In all cases where one in good faith takes another's property under claim of title in himself, he is exempt from the charge of larceny, however puerile or mistaken the claim may in fact be. And the same is true where the taking is on behalf of another believed to be the true owner. Still, if the claim is dishonest, a mere pretense, it will not protect the taker.' (emphasis omitted.)
Rodriguez, 396 So.2d at 799.
In their treatise on criminal law, LaFave and Scott describe the scope of the defense as follows:
(a) Claim of Right. One may take the property of another honestly but mistakenly believing (1) that it is his own property, or (2) that it is no one's property, or (3) (though he knows it is another's property) that the owner has given him permission to take it as he did. In any such event, he lacks the intent to steal required for larceny, even though his mistaken but honest belief was unreasonable. As to how the defendant can prove his claim that he actually had such an honest belief, it has been pointed out that the openness of the taking, as well as the reasonableness of the belief, though not conclusive, will buttress his claim of good faith. (footnotes omitted.)
LAFAVE & SCOTT, CRIMINAL LAW § 8.5, at 722 (2d ed.1986). Florida appears to follow the orthodox view that this defense is available even to one who does not himself claim ownership. Chester, 782 So.2d 967; Brennan, 651 So.2d 244; Rodriguez, 396 So.2d 798. See also Alfaro v. State, 837 So.2d 429 (Fla. 4th DCA 2002). Given the centrality of the "claim of right" defense, it was ineffective assistance of counsel not to properly request the special jury instruction in writing, not to bring the applicable law to the trial court's attention, and not to preserve the issue for appellate review.
Accordingly, we reverse the denial of appellant's Rule 3.850 motion on this issue and remand to the trial court.
REVERSED and REMANDED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] §§ 810.02(1) and (3), and 810.07, Fla. Stat. (1997).
[2] § 812.014(1) and (3)(a), Fla. Stat. (1997).
[3] Owens acknowledged having ten prior felony convictions and one misdemeanor conviction.
[4] The judge's response suggests that the jury may have been concerned about the evidence concerning Owens' understanding of who had the right of possession of the motel room.