PER CURIAM.
T.D.W. appeals his convictions for robbery and felony battery. The circuit court withheld adjudication, ordered appellant to perform community service and to complete an anger management course, and required him to pay $4,150 in restitution for the victim’s medical bills. We affirm the battery conviction without further discussion. We reverse the robbery conviction because the only evidence at trial established appellant’s good faith belief that he was the owner of the cell phone that was the object taken during the robbery.
The state failed to establish an essential element of the robbery charge because it presented no evidence to negate appellant’s testimony that he had a good faith belief that the victim possessed appellant’s cell phone. See Daniels v. State, 587 So.2d 460, 462 (Fla.1991) (“[T]he specific intent to commit robbery is the intent to steal, i.e., to deprive an owner of property either permanently or temporarily.”); § 812.13(1), Fla. Stat. (2008).
Appellant relies on Thomas v. State, 526 So.2d 183, 184 (Fla. 3d DCA 1988), which recognized that
a well-founded belief in one’s right to the allegedly stolen property constitutes a complete defense to a charge of theft, Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981), and cases cited, and because the demonstration of a theft is indispensable to a robbery conviction, Arnold v. State, 83 So.2d 105, 108 (Fla. 1955), to a robbery case as well.
Accord, Alfaro v. State, 837 So.2d 429, 432 (Fla. 4th DCA 2002) (error to deny claim-of-right instruction); Owens v. State, 866 So.2d 129, 131 (Fla. 5th DCA 2004) (holding that trial court was obliged to instruct jury that a well-founded belief in one’s right to possess property constitutes a complete defense to a charge of theft).
Owens further explained that
[a]s to how the defendant can prove his claim that he actually had such an honest belief, it has been pointed out that the openness of the taking, as well as the reasonableness of the belief, though not conclusive, will buttress his claim of good faith.
Id. at 131-32 (Fla. 5th DCA 2004) (citing Lafave & Soott, CRiminal Law § 8.5, at 722 (2d ed. 1986) (footnotes omitted)).
All of the evidence in this case, including the victim’s testimony, supports appellant’s story that he approached the victim for the purpose of retrieving his cell phone. The state failed to establish the state of mind element of the robbery charge.
*961 We distinguish this case from Thomas v. State, 584 So.2d 1022 (Fla. 1st DCA 1991), upon which the state relies. In part, that case involved a defendant’s entitlement to a claim-of-right instruction in a robbery case where the property taken was $10 in cash. Deciding that the defendant was not entitled to the instruction, the first district drew a distinction between cases where the property taken is “a fungible good like money” and cases where the instruction is appropriate, when the “item taken is a specific identifiable object like a car, bicycle, or piece of furniture.” Id. Unlike money or a debt, a cell phone is the type of specific property to which the claim-of-right defense applies. Id. at 1028.
We affirm the felony battery conviction, reverse the robbery conviction, and remand to the circuit court.
GROSS, C.J., CIKLIN, J., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.