# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1704
LT Case No. 2020-CF-045463-A

———————————————

DOMINIQUIE R. SCOTT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Brevard County.
James H. Earp, Senior Judge, and D. Curtis Jacobus, Judge.

Matthew J. Metz, Public Defender, and Teresa D. Sutton, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.

June 6, 2025

LAMBERT, J.

Dominiquie Scott timely appeals his convictions and Habitual Felony Offender ("HFO") sentences imposed by the trial court for trafficking in eutylone, possession of a firearm by a convicted felon, carrying a concealed firearm, and possession of cocaine following Scott's open, no contest plea to these charges.

Scott raises two issues in this appeal.  He first contends that the trial court erred in denying his dispositive motion to suppress the evidence gathered from his person by law enforcement following the traffic stop of the car in which he was a passenger.[1] We affirm on this issue without further discussion.

Scott's second issue is that the trial court reversibly erred in denying his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error.  Scott asserts that under *Erlinger v. United States*, 602 U.S. 821 (2024), his HFO sentences imposed under section 775.084(1)(a), Florida Statutes (2020), are unconstitutional because the trial judge, and not a unanimous jury, made the requisite factual findings under this statute when sentencing.  As explained below, we affirm on this issue as well.

I.

In *Erlinger*, the defendant pleaded guilty to being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA").  602 U.S. at 825–26.  A conviction under the ACCA carried a sentence of up to ten years in prison; however, if a defendant had three prior convictions for "violent felon[ies]" or "serious drug offenses" that were "committed on occasions different from one another," the defendant faced an enhanced prison sentence under the ACCA of a minimum of fifteen years up to a maximum of life.  *Id.* at 825.

The issue before the Supreme Court was whether a judge or a jury determines that the defendant's prior convictions were committed on different occasions.  The Court held that a unanimous jury must make this finding, reiterating the principle that under the Fifth and Sixth Amendments of the United States Constitution, because the fact of whether the defendant's prior convictions were committed on different occasions increased the prescribed range of penalties under the ACCA to which he was exposed, it must be determined by a unanimous jury beyond a

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i).

2

reasonable doubt. *Id.* at 834 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

## II.

Scott argues that these same principles and analysis apply to Florida's HFO statute, thus rendering his sentences unconstitutional. In pertinent part, this statute reads:

(1) As used in this act:

(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:

1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.

2. The felony for which the defendant is to be sentenced was committed:

a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or

b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.

3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to

3

the purchase or the possession of a controlled substance.

4. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this paragraph.

5. A conviction of a felony or other qualified offense necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.

§ 775.084(1)(a)1.–5., Fla. Stat.

Scott argues that under *Erlinger*, section 775.084 is unconstitutional both on its face and as applied to him because it permits a judge to make the above factual determinations under subsections (1)(a)1–5 of the statute and the State's evidentiary burden to establish the facts for an HFO sentence is under the preponderance of the evidence rather than the beyond a reasonable doubt standard required under *Erlinger*. *See* § 775.084(3)(a)4., Fla. Stat.

### III.

We decline Scott's request to address the constitutionality of Florida's HFO statute as it is unnecessary for us to do so. *See State v. Efthimiadis*, 690 So. 2d 1320, 1322 (Fla. 4th DCA 1997) ("It is a fundamental maxim of judicial restraint that 'courts should not decide constitutional issues unnecessarily.'" (quoting *In re Forfeiture of One Cessna 337H Aircraft*, 475 So. 2d 1269, 1270–71 (Fla. 4th DCA 1985))).

### IV.

Pertinent here, Florida's HFO statute does not provide for the imposition of any mandatory minimum sentences but permits, though it does not require, the imposition of an enhanced or extended prison sentence beyond the statutory cap for the qualifying felony offense.[2] *See Lovett v. State*, 395 So. 3d 1113,

---

[2] More particularly, under section 775.084(4)(a)1.–3., Florida Statutes, a defendant's sentence for a first-degree felony may be enhanced above the thirty-year statutory cap to life in prison; a

4

1114 (Fla. 6th DCA 2024) ("The HFO statute allows—but does not require—a trial court to sentence an HFO up to ten years in prison for a third-degree felony." (citing § 775.084(4)(a)3., Fla. Stat. (2018))).

Assuming, but without deciding, that, as submitted by Scott, the *Erlinger* requirement that virtually any fact that increases or enhances the prescribed range of penalties must be found beyond a reasonable doubt by a unanimous jury applies to Florida's HFO statute, Scott did not receive an enhanced sentence on any of his four convictions, as recognized and found by the trial court in denying Scott's Rule 3.800(b)(2) motion. Scott's prison sentences were either at or below the applicable statutory cap for each of his felony convictions.

Accordingly, because Scott is not serving an enhanced sentence in this case, the error, if any, committed by the trial court when it imposed Scott's HFO sentences is harmless on this record beyond a reasonable doubt. *Cf. Capra v. State*, 50 Fla. L. Weekly D332 (Fla. 5th DCA Feb. 7, 2025) (affirming the defendant's Habitual Violent Felony Offender ("HVFO") sentence because, under *Erlinger*, if the sentence was rendered in error, the error was harmless on the record).[3]

AFFIRMED.

EISNAUGLE and KILBANE, JJ., concur.

---

second-degree felony sentence may be enhanced past the fifteen-year statutory limit up to thirty years; and for a third-degree felony, a sentence may be enhanced above the five-year cap up to ten years.

[3] We would also note that Scott's HFO sentences do not preclude him from receiving gain time in the Department of Corrections. *See* § 775.084(4)(k)1., Fla. Stat.; *Grant v. State*, 770 So. 2d 655, 659 (Fla. 2000) (recognizing that, unlike a Prison Releasee Reoffender ("PRR") sentence, a defendant can receive gain time on his or her HFO sentence).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____