636 So.2d 893 (1994)
Scott Richard SIBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2193.
District Court of Appeal of Florida, Fifth District.
May 20, 1994.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant, Sibley, was convicted on two counts of dealing in stolen property. He testified at trial that he received the property (jewelry belonging to Sanchez) from one Michael Smyth. He was then asked by his counsel whether he was given any reason to believe that Smyth was the rightful owner of the property. When he answered that Smyth "indicated" he was the rightful owner of the jewelry, the state interposed an objection on the basis that the question called for hearsay. The objection was promptly and erroneously sustained by the trial judge. The judge then asked defense counsel for any exception to the hearsay rule that would permit this testimony. There is no such exception, of course, because Sibley's testimony as to what he was told by Smyth did not constitute hearsay at all.
"Hearsay" is a statement, other than one made by the declarant while testifying at *894 the trial or hearing, offered in evidence to prove the truth of the matter asserted. See § 90.801(1)(c), Fla. Stat. (1993). The issue at trial was not whether Smyth was in fact the rightful owner of the jewelry at the time he delivered it to Sibley  it was clear that he was not  but whether Sibley knew that Smyth had given him stolen property. Smyth's representation of ownership to Sibley, whether true or false, clearly was not hearsay. The fact at issue was Sibley's knowledge, and what he was told by Smyth was obviously germane to that issue. The ruling by the trial judge precluded the jury from hearing the explicit statement of Smyth to Sibley in regard to ownership, as opposed to some nebulous "indication" of ownership.
The issue before us, then, is whether the trial court's ruling can be tolerated as harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). In order to say yes, we must be able to conclude that there is no reasonable possibility that the error contributed to the conviction. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In respect to this harmful error analysis, we must agree with the argument set forth in the appellant's brief:
Quite clearly, Smyth's out of court statements were not offered to prove that the jewelry at issue was indeed the property of Smyth or his mother. Everyone in the courtroom knew that the jewelry had been stolen from the Sanchez residence. Smyth's statements were offered to show that Appellant had relied on Smyth's assertions, at the time they were made, not to prove that the statements were ever true. Smyth's statements were essential to Appellant's theory of defense. The statements were probative of Appellant's claim that he had sold the jewelry without knowledge or reason to believe it was stolen, (the only issue with regard to the charges of dealing in stolen property), and tended to disprove the existence of an essential element of the charged offenses. Therefore, the error in excluding this evidence was not harmless.
We reverse and remand for a new trial on the two counts of dealing in stolen property.
REVERSED AND REMANDED FOR NEW TRIAL.
W. SHARP, J., concurs.
GOSHORN, J., dissents with opinion.
GOSHORN, Judge, dissenting.
I agree with the majority's statement of the applicable law. I respectfully dissent from the result because I conclude that under the facts of this case, the error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The jury twice heard testimony that Mickey Smyth represented to the appellant that Smyth was the lawful owner of the property. First, Detective Lancaster testified, without objection, that the appellant had told him that Smyth had told him (the appellant) that the items belonged to Smyth. Then, during direct examination of the appellant, the following exchange occurred:
Q. Did Mickey, at that time, give you reason to believe he was the rightful owner of that property?
A. Yes, sir, he did. He gave me an indication that he was.
[Prosecutor] Your Honor, this is going to call for hearsay.
Although the prosecutor's objection was sustained, the effect of which was to preclude the appellant from testifying to what Smyth actually told him,[1] the jury was indeed informed that Smyth had given the appellant reason to believe Smyth was the owner. Smyth's exact words were immaterial at that point. The jury was plainly informed of appellant's theory of defense that he had relied on Smyth's assertions of ownership  they just rejected it. The evidence certainly supports their verdict.
The jewelry in question was stolen from the home of Betty and Chico Sanchez. A group of people, including the appellant and Smyth, stayed in the Sanchez home over the 1992 Christmas holidays at the invitation of *895 the Sanchez' son and daughter.[2] Mr. and Mrs. Sanchez were in Puerto Rico at the time. When they returned just after the new year, Mr. and Mrs. Sanchez discovered that a number of items, including jewelry, had been taken from their bedroom.
On December 29 and 31, 1992, the appellant and Smyth appeared together in an Orange County pawn shop. The appellant pawned three pieces of jewelry that had been stolen from the Sanchez home. The appellant testified that Smyth gave the jewelry to him and asked him to pawn it because Smyth had no picture identification as required by the pawn shop. The appellant also testified that he did not recognize the jewelry as being the property of the Sanchez family and believed that Smyth was the rightful owner.
Among the items stolen were a gold 1985 Deer Park High School class ring engraved with the initials "S.S.,"[3] a Playboy charm and a gold angel charm with the inscription, "To Betty, Love Chico." Betty and Chico were the names that the Sanchezes went by and the appellant had been to their house several times before the holiday stay-over, including one Thanksgiving, and had met them. The appellant knew Smyth could not have graduated in 1985 as Smyth was some 40 years old. Although the appellant testified that he pawned the items for Smyth because Smyth did not have picture identification, the pawn shop keeper testified that Smyth had been in the pawn shop in the past, pawning items for which he showed picture identification.
Given all of the foregoing, I find the error asserted to be harmless. I would affirm the conviction.
NOTES
[1] No proffer of this testimony was made.
[2] The appellant and the daughter were in a dating relationship.
[3] The ring belongs to the Sanchez' son, Steven.