684 So.2d 1388 (1996)
Edward KING, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2524.
District Court of Appeal of Florida, First District.
December 19, 1996.
*1389 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Appellant challenges his conviction and sentence for one count of uttering a forged instrument. Of the two issues raised on appeal, one has merit. We agree with appellant that the trial court reversibly erred in excluding alleged exculpatory evidence relating to the issue of whether appellant had guilty knowledge that the check he was passing was a forgery. We reverse and remand for a new trial.
Appellant was charged with uttering a forged check. The relevant facts adduced at trial are as follows. On the morning of January 6, 1995, the victim discovered that her purse was missing from the inside of her automobile. She telephoned the Jacksonville Navy Federal Credit Union to place a stop payment on the remaining checks contained in her checkbook. Later on that same date, a credit union drive-up teller reported to the police that appellant had attempted to negotiate one of the victim's credit union checks, made payable by the victim to one Sterling Turner. The victim testified that she had not executed the check and that she did not know an individual named Sterling Turner. Testifying on his own behalf at trial, appellant claimed that on the date in question he drove an individual named Sterling Turner to the Jacksonville Navy Credit Federal Credit Union so that Turner could cash a check. While waiting in the drive-up teller line, Turner handed appellant the check and his identification card and exited the vehicle to use the restroom. Appellant arrived at the teller's window before Turner returned to the car, and he submitted the check along with Turner's identification card. Appellant was detained and arrested shortly thereafter. The police discovered the victim's purse in the trunk of appellant's car. Appellant averred that he was unaware of the purse in the trunk and that he had no idea that he was passing a forged check. When asked by defense counsel whether he knew how Turner had come into possession of the check, appellant responded, "No, I do not. Only what he told me." When defense counsel then asked appellant how he thought Turner had obtained the check, the prosecutor objected on hearsay grounds. The objection was sustained. Defense then proffered appellant's testimony that Turner had told him that he had obtained the check in payment for a stereo that he had sold that day. Appellant averred he had no reason to believe that Turner did not have a lawful right to the check.
The jury, which was not permitted to hear the proffered evidence, found appellant guilty of uttering a forged check. Appellant challenges the trial court's exclusion, as hearsay, of his testimony purporting to explain why he reasonably believed that the check he was uttering was valid.
If testimony is offered for a purpose other than to prove the truth of the matter asserted, it is by definition not hearsay. State v. Baird, 572 So.2d 904 (Fla. 1990); § 90.801, Fla.Stat. (1993). The hearsay rule does not prevent a witness from testifying as to what he has heard. It is rather a restriction on the proof of fact through extrajudicial statements. Id. Merely because an out-of-court statement is inadmissible to prove the truth of the matter asserted does not mean it is inadmissible for another purpose. Id. However, an out-of-court statement which is offered for a purpose other than proving the truth of its contents is admissible only when the purpose for which *1390 the statement is being offered is a material issue in the case. Id. at 907.
Pursuant to § 831.02, Fla.Stat. (1993), the elements of the offense of uttering a false or forged instrument are: knowledge on the part of the accused that the instrument is false, and the intent to injure or defraud another by the assertion that the instrument is true. In the instant case, appellant argues that the excluded testimony was offered to show an absence of scienter on his part, to-wit: lack of knowledge that the check was forged. Appellant asserts that he never contested that the check was stolen and forged. He argues that his defense was that he believed Sterling Turner had a right to the check.
In Sibley v. State, 636 So.2d 893 (Fla. 5th DCA 1994), the defendant was convicted on two counts of dealing in stolen property. He testified at trial that he received the property (jewelry belonging to an individual named Sanchez) from an individual named Michael Smyth. At trial he was asked by counsel whether he was given any reason to believe that Smyth was the rightful owner of the property. When he answered that Smyth indicated he was the rightful owner of the jewelry, the state objected on the basis of hearsay. The judge sustained the objection. On appeal, the court reversed, holding that the defendant's testimony did not constitute hearsay. The court stated:
The issue at trial was not whether Smyth was in fact the rightful owner of the jewelry at the time he delivered it to Sibleyit was clear that he as notbut whether Sibley knew that Smyth had given him stolen property. Smyth's representation of ownership to Sibley, whether true or false, clearly was not hearsay. The fact at issue was Sibley's knowledge, and what he was told by Smyth was obviously germane to that issue. The ruling by the trial judge precluded the jury from hearing the explicit statement of Smyth to Sibley in regard to ownership, as opposed to some nebulous `indication' of ownership.
Id. at 893. The court then concluded that the error was not harmless given that Smyth's statements were essential to the defendant's theory of defense and were probative of defendant's claim that he had sold the jewelry without knowledge or reason to believe it was stolen and tended to disprove the existence of an essential element of the charged offenses. Id. at 893. See also Duncan v. State, 616 So.2d 140 (Fla. 1st DCA 1993)(in prosecution for theft by receiving stolen property, defendant's testimony with regard to the reason given by the person who sold him the property for a low price was relevant nonhearsay offered to overcome the presumption of guilty knowledge arising from possession of recently stolen property); E.B. v. State, 531 So.2d 1053 (Fla. 3d DCA 1988)(testimony concerning out-of-court statements made by school administrators advising defendant that his life was in danger was not hearsay and was admissible to show its effect on defendant's state of mind).
Applying the foregoing case law, we agree with appellant that the trial court erred in ruling the proffered out-of-court statement to be hearsay. The statement was not being offered to prove the truth of the matter asserted, that is, that the check was payment for a stereo that Turner had sold earlier that day. Rather, the statement was offered to demonstrate that appellant, having been told by Turner that the check was payment for a stereo, had no reason to doubt the validity of the check.
The issue then becomes whether the trial court's error is harmless. In this regard, the dispositive question is whether, viewing the disputed issue in the context of the entire trial, we are able to say beyond a reasonable doubt that the erroneous exclusion of this evidence did not contribute to the jury's verdict or, alternatively stated, that there is no possibility that the error contributed to the conviction. Sibley v. State; E.B. v. State; State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Applying this harmless error analysis to the instant facts, we must agree with appellant that Sterling Turner's out-of-court statement was essential to appellant's theory of defense. Specifically, the statement was probative of appellant's claim that he had no reason to doubt the validity of the *1391 check and tended to disprove the existence of an essential element of the charged offense. As such, we conclude that the error in excluding this evidence cannot be deemed harmless.
Appellant's second issue is without merit and we affirm without discussion.
REVERSED and REMANDED for a new trial.
WEBSTER, J. and SHIVERS, Senior Judge, concur.