743 So.2d 59 (1999)
Neil BUCHANAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04061.
District Court of Appeal of Florida, Second District.
August 25, 1999.
*60 Stephen M. Martin, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Neil Buchanan appeals his convictions for burglary of a dwelling[1] and petit theft.[2] He challenges the trial court's refusal to allow the introduction into evidence of a proffered out-of-court statement. We reverse and remand for a new trial.
These convictions arose out of the alleged burglary, on September 12, 1997, of a mobile home from which several items were removed. The items included a pocketknife; a model airplane; a BB gun; two martial arts knives; a picture frame containing four one dollar bills and a two dollar bill; a silver necklace embellished with feathers, a charm, and a green stone; and a cowboy hat. Buchanan was arrested outside the mobile home carrying the model airplane, and his codefendant, Joseph Henry, was arrested wearing the hat and carrying at least a portion of the other items. At trial, the occupant of the mobile home, Miguel Nava, testified that the items which were taken belonged to him. He acknowledged, however, that he and another individual, Alicia Boseman, had previously resided together at the mobile home but that Ms. Boseman had moved out several months prior to the date of the alleged burglary.
In his own defense, Buchanan testified that he and Henry had gone into the mobile home to procure property which Ms. Boseman had told Buchanan was her property or that of her children. When asked about the kind of property, Buchanan testified that Ms. Boseman had "explained that she had her purse, kids['] diaper bag, apparently toys, a few toys, that airplane being the main toy for the oldest boy." Ms. Boseman had also told him where she had hidden some jewelry and money, but when he looked in the hiding place, the jewelry and money were not found and her purse had been emptied. He testified that, at the time Ms. Boseman asked him to get the property for her, "she said it was their house and that she paid half the rent."
Significantly, Ms. Boseman was not at the trial to testify. The defense proffered the testimony of another witness, Nancy Whitlock, who stated that prior to the alleged burglary she had heard Ms. Boseman tell Buchanan that Ms. Boseman "and her boyfriend had broken up, and that she was afraid to go and get her stuff from there. He [Mr. Nava] had her kids' toys and things like that." Ms. Whitlock continued, "[s]o Alicia [Boseman] asked Mr. Buchanan if he would go to the trailer to remove her stuff and her kids' toys." The trial court found that the proffered statement was hearsay and refused its admission.
Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. See § 90.801(1)(c), Fla. Stat. *61 (1997). If testimony is offered for a purpose other than to prove the truth of the matter asserted, it is not hearsay. See State v. Baird, 572 So.2d 904 (Fla.1990). The hearsay objection is unavailing when the inquiry is not as to the truth of the words spoken, but merely as to whether they were in fact spoken. See Breedlove v. State, 413 So.2d 1 (Fla.1982).
Ms. Boseman's statements, proffered through Ms. Whitlock, were not being offered to prove the truth of the matter asserted, i.e., that the property actually belonged to Ms. Boseman. Rather, the statements were offered to demonstrate that Buchanan, having been told by Ms. Boseman that the items were her personal property, did not possess the requisite intent to knowingly deprive Mr. Nava of a right to the property or a benefit therefrom. Furthermore, Buchanan's intent was a material issue in this case. Thus, the finding that the statement was hearsay was erroneous, and the trial court's refusal to admit the evidence was an abuse of its discretion.
In the present case, the exclusion of the proffered statement was prejudicial. Ms. Boseman's out-of-court statements were essential to Buchanan's theory of defense, especially since Ms. Boseman could not be located and was, thus, unavailable to testify. The statements were probative of Buchanan's claim that at the time of entering the structure he did not have the intent to commit theft but had the understanding that he was entering the mobile home to recover property which he had permission to retrieve. The statement was the only evidence corroborating Buchanan's claim offered by someone other than Buchanan or his codefendant.
Reversed and remanded for further proceedings consistent herewith.
CAMPBELL, A.C.J., and GREEN, J., Concur.
NOTES
[1] § 810.02, Fla. Stat. (1997).
[2] § 812.014, Fla. Stat. (1997).