STONE, J.
We affirm Chalmers’ conviction of grand theft of a trailer and tools owned by Elmer Cook.
Cook, the owner of Cook Construction, testified that he had hired Chalmers to supervise a roofing job. They had an informal agreement that Chalmers would receive an allowance for labor, expenses of the job would be deducted from the overall contract amount, and the two would split the remaining profit. They also agreed that if Chalmers’ labor exceeded the allowance, that amount would be deducted from Chalmers’ portion of the profits. Chal-mers testified that he and Cook were partners. He said they were contacted jointly about the roofing job and had agreed to split the profits in half.
Chalmers had use of Cook’s trailer and tools while working on the job. The tools were kept in the trailer. It is undisputed that Chalmers claimed no title interest in the trailer. He claimed that although some of the tools belonged to Cook, there were also some that were owned jointly.
During the course of the job, Cook informed Chalmers that he was overdrawn and owed Cook money. Chalmers responded that he would keep the trailer and tools unless he was paid. The trailer and tools were then removed by Chalmers to an undisclosed location. Apparently, he also slept in the trailer for some time. Cook filed a theft complaint. When questioned, Chalmers informed the police where they could find the trailer.
The trailer was registered in Cook’s name. There was also testimony from a co-worker that Chalmers had told him that he planned to use the trailer and tools to open his own business. When the detective recovered Cook’s trailer, it was barren of most of the tools.
' Chalmers asserts on appeal that the trial court’s failure to instruct the jury as to a claim of right “defense” amounts to reversible error. A good faith belief in one’s right to property is a defense to the charge of theft. Rodriguez v. State, 396 So.2d 798, 799 (Fla. 3d DCA 1981). In Rodriguez, two motel managers were convicted of theft for failing to remit rental amounts received. The trial court failed to instruct the jury regarding the defendants’ claim of right defense. The appellate court found that the defendants were entitled to the instruction, as it embodied the legal basis of their defense, and reversed the convictions. Id. at 798-99.
Here, defense counsel failed to request a claim of right instruction or object to its omission. Such an omission has been found to constitute fundamental error. Howard v. State, 561 So.2d 1362, 1362 (Fla. 3d DCA 1990); Tobey v. State, 533 So.2d 1198, 1200 (Fla. 2d DCA 1988); Thomas v. State, 526 So.2d 183, 184 (Fla. 3d DCA 1988).
Chalmers contends that his theory of defense was that he was entitled to hold the property until Cook paid him. Counsel’s argument was that the state had failed to prove that Cook’s ownership interest was superior to Chalmers’. However, the only evidence in support of this argument is Chalmers’ testimony that some of the tools were owned jointly, and the reason he was holding the property was to ensure payment.
We recognize that in Thomas, the court found fundamental error in a robbery conviction where the jury was not instructed that a good faith belief that the defendant owned the stolen bicycle constituted a de *1059 fense. 526 So.2d at 184. In that case, there was evidence that the defendant believed he owned the property. Id. The instant case is distinguishable, as Chal-mers claimed the state had failed to prove that the victim was the owner of the property, not that he had a good faith belief that he had a right to the property.
We recognize that Chalmers claimed a joint interest in part of the tools. We deem any error here harmless, given the clear right of the victim to the trailer and the remaining tools.[1] The defense did not argue that Chalmers had a good faith belief that he had an interest in, or even a lien on, the trailer and tools, other than those tools claimed to be purchased with joint funds.
As to all other issues raised, we find no error or abuse of discretion. Therefore, Chalmers’ conviction and sentence are affirmed.
FARMER and SHAHOOD, JJ., concur.

. We note that the evidence included Cook’s title and other documentation.