837 So.2d 429 (2002)
Victor ALFARO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-997.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
Rehearing Denied February 26, 2003.
*430 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee.
TAYLOR, J.
Victor Alfaro appeals his judgments of conviction for grand theft of a motor vehicle and criminal mischief. We affirm appellant's criminal mischief conviction but reverse the grand theft auto conviction because the court erred in excluding a non-hearsay statement concerning ownership of the vehicle. We find, however, that the trial court did not commit fundamental error in failing to give a "claim of right" instruction which was not requested by appellant.
On December 27, 1999, a brown Dodge Caravan owned by Hernan Iberti was stolen from a 7-Eleven convenience store parking lot. Iberti had left the keys in the van while he went into the store to buy cigarettes. He did not see who stole his van.
Approximately two weeks later, Christopher Robertson and James White were standing outside of a 7-Eleven store on State Road 84 when they saw Iberti's van drive into the garage door of a Texaco station across the street. The garage's alarm was activated upon impact. The witnesses then observed the van back out, pull out of the parking lot, and drive down State Road 84. The van made a U-turn, pulled into the parking lot of the 7-Eleven, *431 and then left shortly thereafter. Robertson and White obtained the license plate number of the van.
The police responded to the alarm. While Robertson and White were explaining what they had observed to the police, they saw the van drive by again. The police pulled the van over and the witnesses identified appellant as the driver of the van. The passenger was identified as Levit Marmolejos. When the police asked appellant for his license and registration, he could not produce them. Appellant gave the officer different names and different dates of birth. When asked who owned the van, appellant said that he did not know. When asked where he got the van, appellant could not offer an explanation. The officers ran the serial number and discovered that the van had been reported stolen. Appellant then said he could not speak English. A translator was called to the scene, and appellant was arrested for grand theft of a motor vehicle, having no driver's license, resisting arrest without violence, and criminal mischief.
At trial, appellant testified in his own defense. He stated that he believed the van belonged to the passenger, Levit Marmolejos, and that he was driving it when he was pulled over because Marmolejos was drunk. Appellant explained that he had met Marmolejos at a nearby hotel. Appellant was staying at the hotel and Marmolejos was living in the van in the hotel's parking lot. Marmolejos asked appellant to use his shower. According to appellant, Marmolejos had given him a ride in the van a few times before because appellant did not have a car.
Appellant testified that on the date of his arrest, he saw Marmolejos at the hotel and asked him for a ride to the 7-Eleven. Because Marmolejos was drunk, appellant decided to drive them back to the hotel. He was stopped by the police on the return trip.
Appellant called one other witness, Edward Jorgensen, a neighbor of appellant's in-laws, who had known appellant for over fifteen years. Jorgensen testified that the day before appellant's arrest, appellant came to see his daughter. Marmolejos drove the van to his house, with appellant seated in the passenger seat. Appellant introduced Marmolejos as a friend who gave him a ride over to see his daughter. When Jorgenson began to testify that Marmolejos told Jorgensen that he owned the van, the prosecutor objected on hearsay grounds. Appellant responded that he was not offering this evidence for the truth of the matter but to show that appellant did not know that the van he was driving was stolen. He proffered Jorgenson's testimony that Marmolejos said he was the owner of the vehicle. The trial court sustained the objection and excluded this testimony.
During the jury charge conference, appellant neither objected to the jury instructions nor requested the court to instruct the jury on his good faith defense to the theft charge. On appeal, he argues that failure to instruct the jury on a good faith defense was fundamental error. Appellant cites Chalmers v. State, 789 So.2d 1057 (Fla. 4th DCA 2001), as authority. However, Chalmers is distinguishable from this case. There, the defendant had been hired to supervise a roofing job for the victim. When a dispute arose over payment, the defendant removed the victim's trailer and tools to an undisclosed location. He was charged with theft. At trial, he testified that he had a joint interest in some of the tools and that he was entitled to hold the property until the victim paid him. His attorney failed to request a claim of right instruction or object to its omission. We held that failure to give a *432 claim of right defense instruction, even if error, did not prejudice the defendant because he claimed that the state had failed to prove that the victim was the owner of the property, not that he had a good faith belief that he had a right to the property. The defendant did not argue that he had a good faith belief that he had an interest in the trailer and tools, other than those tools claimed to be purchased with joint funds.
Although we found no prejudicial error in Chalmers, we recognized the holdings of other courts that when the defense has properly asserted a claim of right defense, then failure of the trial court to instruct the jury regarding such defense, even absent a request for a claim of right instruction or objection to its omission, constitutes fundamental error. Id. at 1058 (citing Howard v. State, 561 So.2d 1362, 1362 (Fla. 3d DCA 1990); Tobey v. State, 533 So.2d 1198, 1200 (Fla. 2d DCA 1988); Thomas v. State, 526 So.2d 183, 184 (Fla. 3d DCA 1988)). We take this opportunity to clarify that we do not adopt these holdings, as we believe that they are in conflict with the Florida Supreme Court's decision in Sochor v. State, 619 So.2d 285, 290 (Fla.1993).
In Sochor, the defendant claimed that the trial court committed fundamental error by failing to instruct the jury on voluntary intoxication as a defense to felony murder based on kidnaping. Id. The supreme court disagreed, holding:
Fundamental error is error which goes to the foundation of the case. Failure to give an instruction unnecessary to prove an essential element of the crime charged is not fundamental error. Voluntary intoxication is a defense to, but not an essential element of, kidnaping. Because the complained-of instruction went to Sochor's defense and not to an essential element of the crime charged, an objection was necessary to preserve this issue on appeal.
Id. (Citations omitted).
A good faith belief in one's right to possession of property is a defense to the charge of theft. Rodriguez v. State, 396 So.2d 798, 799 (Fla. 3d DCA 1981). Based on Sochor, appellant was required to request an instruction on his claim of right defense or object to its omission in order to preserve this issue for appeal. The instruction went to appellant's defense and not to an essential element of theft. Thus, no fundamental error occurred. See Muteei v. State, 708 So.2d 626 (Fla. 3d DCA 1998)(rejecting Thomas and following Sochor in holding that failure to give self-defense instruction did not amount to fundamental error where instruction went to defense, not to essential element of attempted murder charge).
Appellant also argues that the trial court erred in excluding non-hearsay testimony concerning ownership of the stolen van. Jorgensen was prepared to testify that Marmolejos told Jorgensen, presumably in the presence of appellant, that he was the owner of the van.
We agree that this testimony was not hearsay because it was not offered for the truth of the matter asserted but to show that, having heard the statement, appellant had a good faith belief that Marmolejos owned the van and that he had lawful permission to drive it. See Koon v. State, 513 So.2d 1253 (Fla.1987)(testimony of Secret Service agent that federal magistrate had stated in defendant's presence that charge would have been dismissed against him had there been only one witness was not hearsay, and was admissible not to show truth of statement but rather to show that having heard the statement, defendant could have formed a motive for murdering one of two prosecution witnesses); *433 King v. State, 684 So.2d 1388 (Fla. 1st DCA 1996)(holding that an out-of-court statement by a third party, offered to show that the defendant had no reason to believe that the check he passed was forged, was not inadmissible hearsay). This statement would have been used to disprove the element of intent required to prove theft. As this testimony was proffered in support of appellant's only defense, we cannot conclude that the error in excluding it was harmless.
Based upon the foregoing discussion, we reverse appellant's conviction and sentence for grand theft of a motor vehicle and remand for a new trial on that charge.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN, C.J. and STEVENSON, J. concur.