890 So.2d 556 (2005)
Oscar DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1816.
District Court of Appeal of Florida, Fifth District.
January 14, 2005.
*557 Roger Scott, Jr., Orlando, for Appellant.
Charlie J. Crist, Jr., Attorney General, Tallahassee, and La Maya Henry, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Oscar Diaz appeals his conviction for delivery of heroin. We reverse.
First, Diaz contends that he was denied effective assistance of counsel because of the peculiar procedure employed at trial. Diaz was charged in this case with delivery of a controlled substance and in another case with malicious mischief and assault on a law enforcement officer. Diaz allegedly sold heroin to an undercover officer through an intermediary. Diaz drove away, and when other officers moved in to arrest him, Diaz allegedly assaulted them by driving his car into their vehicle. Diaz had an attorney for each case, and without moving to consolidate the cases, they asked the court, with the concurrence of Diaz, to try both cases to the same jury at the same time. Because the cases were not consolidated, the court allowed the defense attorneys to try their cases as though there were two separate trials. The attorney handling the heroin charge *558 cross-examined the witnesses to the drug transaction, and the attorney handling the assault case cross-examined the witnesses to that transaction. One witness had knowledge of both transactions and was cross-examined by both defense attorneys. Both attorneys gave closing arguments. We agree with the prosecutor, who argued that if a case is consolidated, it should be consolidated for all purposes. We find no prejudice to Diaz, however, because he had able counsel "double-teaming" the prosecutor.
We reverse the conviction, however, because the court allowed one of the undercover officers to summarize conversations he had with the alleged intermediary, Kenneth Treveso. Agent Spall testified that he and two undercover officers went to a day labor pool where they engaged in conversation with Treveso. Agent Spall testified that the conversation "led to him [Treveso] calling the defendant in order for ... me to be able to purchase heroin." This testimony imparted to the jury that Treveso had said that Diaz was a drug dealer and is hearsay notwithstanding that Agent Spall did not directly quote Treveso. Agent Spall was also allowed to testify that Treveso was a middleman who was to receive part of the heroin, thus telling the jury that Diaz was a drug dealer and explaining Treveso's motive for being the intermediary.
Hearsay is an out-of-court statement testified to by a person other than the declarant which is offered for the truth of the matter asserted. Hutchinson v. State, 882 So.2d 943 (Fla.2004) (citing § 90.801(1)(c), Fla. Stat. (2003)). Hearsay statements are generally inadmissible because the declarant is not testifying under oath, the trier of fact cannot observe the declarant's demeanor, and the declarant is not subject to cross-examination. See Banks v. State, 790 So.2d 1094, 1097 (Fla.2001). However, if testimony is offered for a purpose other than to prove the truth of the matter asserted, it is by definition not hearsay. King v. State, 684 So.2d 1388, 1389 (Fla. 1st DCA 1996). The hearsay rule does not prevent a witness from testifying as to what he has heard. Id. It is, rather, a restriction on the proof of fact through extrajudicial statements. Id. Merely because an out-of-court statement is inadmissible to prove the truth of the matter asserted does not mean it is inadmissible for another purpose. Id.
Even though the witness does not quote or paraphrase the extrajudicial statement, when the inference to be drawn by the testimony is that an out-of-court declarant implicated the defendant in a crime, the testimony is hearsay and inadmissible. Wilding v. State, 674 So.2d 114, 119 (Fla.1996), receded from on other grounds, Devoney v. State, 717 So.2d 501 (Fla.1998). "[W]here `the inescapable inference from testimony [concerning a tip received by police] is that a non-testifying witness has furnished the police with evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated.'" Id. at 118-19 (quoting Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA 1981)). In the instant case, Agent Spall did not so much imply what Treveso said as summarize, but the testimony violated the hearsay rule and violated Diaz's right to confront the witnesses against him. See id. at 119.[1]
*559 Because we cannot say beyond a reasonable doubt that the error did not affect the verdict, the error was not harmless. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
REVERSED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] It should be noted that not all extrajudicial statements implicating a defendant are inadmissible. If the declarant's statement would be hearsay if the witness directly quoted the declarant, then the testimony is inadmissible no matter how circumlocutory the witness is. If, however, the declarant's statement is nonhearsay, or if it falls within an exception to the hearsay rule, then it is admissible even if incriminating. Thus, Agent Spall's testimony that Treveso told the officers to go to a nearby restaurant and then to follow a red Nissan was admissible because it was not offered to prove the truth of the matter asserted. Furthermore, it may be that some of the exchanges between Treveso and Agent Spall were nonhearsay and therefore admissible. Compare Banks, 790 So.2d at 1097-98 (holding that the declarant's statement, "I need a dime," was not offered to prove the truth of the matter asserted).