989 So.2d 740 (2008)
John CAMERLENGO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4200.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
*741 Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
John Camerlengo appeals his conviction for grand theft of a trailer, claiming that the trial court erred in denying admission of an application for title to the trailer on which Camerlengo relied in retrieving the trailer from a landscape maintenance company. Because the document was not offered for the truth of its contents and was relevant, the court erred in refusing admission. As this error was not harmless, we reverse.
Sometime during the evening of April 23 or the morning of April 24, 2007, a trailer was taken from the locked lot of a landscaping company in Palm Beach County. At 2:30 a.m., Deputy Nathan Smith responded to a call involving a disabled vehicle in Lake Park. When he arrived at the scene, Smith saw a tow truck driver towing a white Hallmark trailer off a pickup truck which was stuck in the dirt. The trailer was registered to the landscaping company. Camerlengo was in the driver's seat of the pickup truck along with passenger Lisa Anderson. Smith read Camerlengo and Anderson their Miranda rights. At first, Camerlengo told Smith he was there to pick up the trailer. Then Camerlengo told Smith that he "found" the trailer.
At trial, Camerlengo testified that around 11:30 p.m. Anderson, his friend's mother, asked him to drive her to pick up a trailer that her husband had left in Palm Beach County. Anderson and her husband were going through a divorce, and Camerlengo believed that her husband transferred the trailer into her name. Camerlengo asked Anderson if she had anything saying that the trailer was in her name. She showed him a vehicle title. On cross-examination, Camerlengo explained that he asked Anderson to see a title "[t]o prove that her husband wasn't trying to pull another prank."
In support of Camerlengo's belief, defense counsel moved to introduce into evidence an application for Michigan vehicle title, titled in Anderson's name.[1] The state objected on the grounds of improper foundation and hearsay. Defense counsel argued that it was not being offered for the truth of the matter asserted, i.e., that it was the actual title, but rather for Camerlengo's state of mind that he thought Anderson owned the trailer, thus negating any intent to steal it. While the prosecutor objected to the admission of the document, he had no objection to defense counsel questioning Camerlengo regarding the title. The court agreed with the prosecutor, and ruled that the document would not be admitted, but it permitted defense counsel to question Camerlengo about it. Camerlengo proceeded to testify that Anderson's name was on the application for vehicle title seeking to transfer the trailer title from husband to wife. Over the state's objection, Camerlengo read the application to the jury.
Camerlengo continued to testify that he and Anderson drove to the lot, and Anderson identified her trailer to him in the yard. Camerlengo attached the trailer to the back of his truck and left. When attempting to make a U-turn on a street near the beach, he got stuck in the sand *742 and called a tow truck for assistance. While he was attempting to extricate his truck and the trailer, the deputy showed up. When the deputy made contact with Camerlengo, he told the officer that he picked up the trailer. He denied telling officers that he thought the trailer was abandoned.
During deliberations, the jury twice requested to view the application for the vehicle title. In each instance, the trial court instructed the jury that it could rely only on the evidence that was admitted. The jury found Camerlengo guilty as charged. The court entered a final judgment of conviction and sentenced him to time served. He appeals his conviction.
Camerlengo argues that the trial court erred in excluding from evidence the application for vehicle title, because it was relevant to Camerlengo's lack of intent to steal the trailer. The state counters that the trial court properly excluded the application, because it was hearsay and no predicate was established by Camerlengo that would deem it admissible under an exception to the hearsay rule. "The standard of review of a trial court's decision on the admissibility of evidence is generally an abuse of discretion standard. However, the question of whether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review." Burkey v. State, 922 So.2d 1033, 1035 (Fla. 4th DCA 2006).
"Hearsay" is defined as "a statement, other than the one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. "[I]f the statement is offered for some purpose other than its truth, the statement is not hearsay and is generally admissible if relevant to a material issue in the case." Penalver v. State, 926 So.2d 1118, 1132 (Fla.2006).
Camerlengo contends that the application was not offered to show that Anderson was the true owner of the trailer, only that he thought she was after seeing the document. As such, he asserts that the application was a non-hearsay statement offered to prove the truth of something other than the matter asserted in the document.
Alfaro v. State, 837 So.2d 429 (Fla. 4th DCA 2002), presents a situation similar to the instant case. The appellant was charged with grand theft auto. In his defense, appellant testified that he believed the van belonged to the passenger. The court excluded testimony of another witness who would have testified that the passenger told the witness, in appellant's presence, that he was the owner of the van. This court found that the testimony was not hearsay because it was offered to show that, after having heard the statement, appellant had a good faith belief that the passenger owned the van and had lawful permission to drive it. The statement would have been used to disprove the element of intent required to prove theft. As this testimony was proffered in support of appellant's only defense, this court concluded that the error was harmful.
Like the appellant in Alfaro, Camerlengo was charged with grand theft. In his defense, he testified that he believed the trailer belonged to the passenger, Anderson. The court excluded the document that gave rise to Camerlengo's belief. The application was offered to show that Camerlengo had a good faith belief that Anderson owned the trailer, thus tending to disprove the element of intent required to prove theft. As in Alfaro, the application was offered in support of Camerlengo's only defense.
Also instructive is Buchanan v. State, 743 So.2d 59, 61 (Fla. 2d DCA 1999), *743 where the defendant was charged with burglary and petit theft. The trial court refused to admit statements of the victim's former girlfriend to the defendant that she and the victim had broken up, that she was afraid to get her belongings from the victim's home, and that she wanted the defendant to get her belongings. The Second District held that these statements were not hearsay and thus were admissible because they were not offered to prove that the property actually belonged to the girlfriend, but to demonstrate that the defendant did not possess the requisite intent to knowingly deprive the victim of a right to property or a benefit therefrom.
Both Alfaro and Buchanan support admission of the vehicle title application in this case. The state argues, however, that these cases are distinguishable, because they address verbal testimony and not documentary evidence. According to the state, to introduce the document Camerlengo was required to establish proper authentication through a public officer who could testify to its genuineness. However, in this case Camerlengo testified that this was the document he viewed on the night of the incident. For the purposes for which he sought to admit it, this was sufficient. He did not offer it as a public document or for the truth of its contents, merely that the document existed and he viewed it.
Although Camerlengo was permitted to testify to the contents of the application, we must consider whether the trial court's refusal to admit the document was harmless error beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Twice the jury requested to view the document. The document supported Camerlengo's only defense at trial, i.e., that he had no intent to steal the trailer. Although the document was an application for vehicle title and not an actual title, the jury should have been given an opportunity to examine the document itself to determine whether it was reasonable for Camerlengo to believe that Anderson was the owner of the trailer after seeing this document. Based upon the jury's specific questions, we cannot conclude beyond a reasonable doubt that the error in refusing its admission did not contribute to the verdict finding Camerlengo guilty.
Camerlengo also maintains that the court erred in denying his motion for judgment of acquittal. We, however, find that the state's case was sufficient to withstand the motion.
Reversed and remanded for a new trial.
STEVENSON and MAY, JJ., concur.
NOTES
[1] Anderson is originally from Michigan.