993 So.2d 611 (2008)
Antonio Bernard WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4353.
District Court of Appeal of Florida, First District.
October 31, 2008.
*612 Nancy A. Daniels, Public Defender, and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Shelly A.R. Chichester, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant seeks review of convictions, following a jury trial, for burglary of an occupied dwelling and grand theft. He contends that (1) as to both charges, the trial court committed reversible error when it sustained the state's hearsay objection to his testimony intended to demonstrate a lack of intent, which is an essential element of both offenses; and (2) as to the grand theft charge, the trial court committed reversible error in denying his motion for judgment of acquittal on the ground that the evidence had been legally insufficient to establish the value of the property allegedly taken. We agree with appellant on the latter point. However, we disagree as to the former. Accordingly, while we affirm appellant's burglary conviction, we reverse the grand theft conviction and remand with directions that the trial court enter judgment for petit theft, and sentence appellant to time served on that conviction.

I.
At trial, the victim testified that she saw appellant and another person steal a heavy generator, which she had purchased some two years earlier for $1,100, from a shed attached to her house. As the offense was occurring, the victim yelled "stop," screamed loudly and told the two men that she was going to call the police. The two stopped what they were doing, turned, and stared at the victim. The victim became frightened. She ran into her house and dialed 911 to report the theft. A short time later, police apprehended appellant and another person in the vehicle the victim had described. The generator was in the back seat. At the conclusion of the state's case, appellant moved for a judgment of acquittal on the grand theft count, arguing that the count charged theft of property having a value of more than $300 but less than $5,000, but that no evidence had been presented as to the value of the generator on the day it was taken. The trial court denied the motion, stating simply that "[t]he jury c[ould] determine what the value was at the time that the generator was stolen."
Appellant then took the stand. During his testimony, the state objected to a question, arguing that the question called for inadmissible hearsay. Appellant was permitted to proffer proposed testimony out of the presence of the jury. Appellant testified that the other person in the car when they were apprehended was his next-door neighbor, whom he had known for roughly two years. According to appellant, his neighbor asked him for a ride to the victim's house so that the neighbor might pick up a generator that the neighbor said the victim had given him in return for work he had done for her. Appellant said that he had no idea that the neighbor intended to steal the generator, or that the neighbor had ever before been involved in any illegal activity. The state again objected that the testimony constituted inadmissible hearsay. Appellant's lawyer responded that the testimony was not hearsay at all, because it was not being offered to prove the truth of the matter asserted but, rather, was being offered to establish that appellant lacked the *613 specific intent which was an essential element of both offenses. The trial court sustained the state's objection. The jury found appellant guilty of burglary of an occupied dwelling and grand theft, as charged, and the trial court entered judgment accordingly. This appeal follows.

II.

A.
Rulings regarding the admissibility of evidence are generally subject to an abuse of discretion standard of review. See Ray v. State, 755 So.2d 604, 610 (Fla. 2000) ("Admission of evidence is within the discretion of the trial court and will not be reversed unless there has been a clear abuse of that discretion") (citing Alston v. State, 723 So.2d 148 (Fla. 1998)). However, such discretion is circumscribed by the rules of evidence. See Sybers v. State, 841 So.2d 532, 545 (Fla. 1st DCA 2003) (quoting from Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001)).

B.
"`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Evid.Code. Both of the offenses with which appellant was charged are specific intent crimes. An essential element of the offense of burglary of an occupied dwelling is that the defendant "enter[ed] a dwelling ... with the intent to commit an offense therein...." § 810.02(1)(b)1, Fla. Stat. (2006). Similarly, an essential element of the offense of grand theft is that the defendant "knowingly obtain[ed] or use[d], or endeavor[ed] to obtain or to use, the property of another with intent to, either temporarily or permanently ... [d]eprive the other person of a right to the property or a benefit from the property" or "[a]ppropriate the property to his or her own use or to the use of any person not entitled to the use of the property." § 812.014(1)(a) & (b), Fla. Stat. (2006). Notwithstanding the state's continued argument to the contrary, the testimony proffered by appellant was not hearsay because it was not offered "to prove the truth of the matter asserted"that appellant's neighbor had been given the generator in return for work done. It was, instead, offered to negate an essential element of both offensesintent. E.g., Buchanan v. State, 743 So.2d 59, 61 (Fla. 2d DCA 1999); King v. State, 684 So.2d 1388, 1389-90 (Fla. 1st DCA 1996); Sibley v. State, 636 So.2d 893, 894 (Fla. 5th DCA 1994); Duncan v. State, 616 So.2d 140, 141-42 (Fla. 1st DCA 1993). Because the proffered testimony clearly related to a material issue in the case, the trial court erred when it sustained the state's objection and refused to allow the jury to hear that testimony.

C.
We do, however, agree with the state that the error was harmless. The burden rests with the state, as the beneficiary of the error, to establish to the exclusion of all reasonable doubt that the error did not affect the verdict. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Here, it is apparent from the record that appellant did testify without objection in the jury's presence to all of the pertinent information included in the proffer. The proffered testimony was merely cumulative. Moreover, appellant's lawyer argued lack of intent in his closing. It is, further, apparent that the jury simply chose to disbelieve appellant's testimony given the victim's testimony that she made it abundantly clear to appellant and his companion that they had no right to take the generator. Because the error was harmless, we affirm appellant's burglary conviction. *614 We must, however, reverse his grand theft conviction.

III.
Appellant contends that the trial court committed reversible error when it denied his motion for judgment of acquittal on the grand theft charge based on the ground that the state had failed to present any evidence of the generator's value on the date it was stolen. We agree. As to this issue, our standard of review is de novo. E.g., Pagan v. State, 830 So.2d 792, 803 (Fla.2002) (stating that, "[i]n reviewing [denial of] a motion for judgment of acquittal, a de novo standard of review applies") (citing Tibbs v. State, 397 So.2d 1120 (Fla. 1981)).
An essential element of the grand theft charge was that the generator was worth at least $300, but less than $5,000, on the date of the theft. § 812.014(2)(c)1, Fla. Stat. (2006). The only evidence presented regarding the generator's value was that, some two years before the theft, the victim had purchased it for $1,100. Well-established precedent demonstrates that such evidence is insufficient, as a matter of law, to establish the value element because it has no probative value regarding the generator's value at the time of the theft. E.g., D.H. v. State, 864 So.2d 588, 588-89 (Fla. 2d DCA 2004); Sellers v. State, 838 So.2d 661, 662-63 (Fla. 1st DCA 2003); Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002); Taylor v. State, 425 So.2d 1191, 1193-94 (Fla. 1st DCA 1983). We find without merit the state's argument that evidence regarding value on the date of the theft was unnecessary because the value of the generator would have been self-evident to a jury.
Because the state failed to present any evidence as to the value of the generator on the date of the theft, appellant was entitled to the judgment of acquittal he requested on the grand theft charge. Accordingly, we reverse that grand theft conviction, and remand with directions that the trial court enter an amended judgment for petit theft, and that it resentence appellant for that conviction to time served.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
LEWIS and HAWKES, JJ., concur.